1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                   **CENTRAL DISTRICT OF CALIFORNIA**

10

11   COREY GORDON,                    )     NO. CV 12-2301-E
                                      )
12              Plaintiff,            )
                                      )
13       v.                           )     **MEMORANDUM OPINION**
                                      )
14   MICHAEL J. ASTRUE, COMMISSIONER  )     **AND ORDER OF REMAND**
     OF SOCIAL SECURITY,              )
15                                    )
                                      )
16              Defendant.            )
                                      )
17   _____)

18

19       Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS

20   HEREBY ORDERED that Plaintiff's and Defendant's motions for summary

21   judgment are denied and this matter is remanded for further

22   administrative action consistent with this Opinion.

23

24                          **PROCEEDINGS**

25

26       Plaintiff filed a complaint on March 22, 2012, seeking review of

27   the Commissioner's denial of disability benefits.  The parties filed a

28   consent to proceed before a United States Magistrate Judge on

1    April 26, 2012.  Plaintiff filed a motion for summary judgment on

2    September 11, 2012.[1]  Defendant filed a cross-motion for summary

3    judgment on October 11, 2012.  The Court has taken the motions under

4    submission without oral argument.  See L.R. 7-15; "Order," filed

5    March 23, 2012.

6

7                **BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

8

9         Plaintiff, a former truck driver and limousine driver, asserts

10   disability since December 30, 2002, based on a combination of alleged

11   impairments (Administrative Record ("A.R.") 59-73, 116-22, 128-40,

12   142, 175).  The Administrative Law Judge ("ALJ") found that Plaintiff

13   suffers from severe impairments, including "degenerative disease of

14   the colon" (A.R. 18).  According to the ALJ, Plaintiff retains the

15   residual functional capacity to perform light work that would permit

16   "close proximity to the restroom; and the ability to take 10 to 15

17   minute breaks every 2 hours" (A.R. 20).  The ALJ found that, with

18   these restrictions, Plaintiff cannot perform any of Plaintiff's past

19   relevant work (A.R. 24).

20

21        In an attempt to determine whether there exist other jobs

22   Plaintiff can perform, the ALJ posed a hypothetical question to a

23   vocational expert (A.R. 74).  The hypothetical question assumed that

24   the worker:

25   ///

26   _____

27        [1]    Plaintiff's motion violates paragraph VI of this
     Court's "Order," filed March 23, 2012.  Counsel for Plaintiff
28   shall heed the Court's orders in the future.

1      [h]as to be near facilities, must be -- let's see, every two

2      hours in connection with the symptoms to be able to take a,

3      what -- five, ten minute break every two hours?  That's

4      consistent with 15 minute break, so nothing in addition to

5      that.

6

7 (A.R. 74).  The vocational expert responded that:

8

9      [s]uch a hypothetical individual could perform the work of a

10      routing clerk . . . looking at approximately 71,000 such

11      jobs in existence in the national economy, 3,100 in the

12      regional economy.  Information clerk . . . looking at

13      approximately 50,000 such jobs in existence in the national

14      economy, 2,900 in the regional economy.

15

16 (A.R. 74-75).

17

18     The ALJ relied on the vocational expert's testimony in finding

19 Plaintiff not disabled (A.R. 25-26).  The Appeals Council denied

20 review (A.R. 1-3).

21

22                  **STANDARD OF REVIEW**

23

24     Under 42 U.S.C. section 405(g), this Court reviews the

25 Administration's decision to determine if: (1) the Administration's

26 findings are supported by substantial evidence; and (2) the

27 Administration used correct legal standards.  See Carmickle v.

28 Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008).  Substantial

1  evidence is "such relevant evidence as a reasonable mind might accept

2  as adequate to support a conclusion." Richardson v. Perales, 402 U.S.

3  389, 401 (1971) (citation and quotations omitted); see Widmark v.

4  Barnhart, 454 F.3d 1063, 1067 (9th Cir. 2006).

5

6  **DISCUSSION**

7

8      "After a claimant satisfies his initial burden of showing that a

9  physical or mental impairment prevents him from performing his

10  previous work, the burden shifts to the [Administration] to show that

11  the claimant has the capacity to perform other work and that such

12  other work exists in the national economy." Stone v. Heckler, 761

13  F.2d 530, 532 (9th Cir. 1985). Where, as here, a claimant's non-

14  exertional impairments significantly limit his or her range of work

15  "the grids do not apply, and the testimony of a vocational expert is

16  required to identify specific jobs within the claimant's abilities."

17  Polny v. Bowen, 864 F.2d 661, 663-64 (9th Cir. 1988); see Tackett v.

18  Apfel, 180 F.3d 1094, 1103 (9th Cir. 1999); Burkhart v. Bowen, 856

19  F.2d 1335, 1340-41 (9th Cir. 1988).

20

21      Where a hypothetical question to a vocational expert fails to

22  "set out all of the claimant's impairments," the vocational expert's

23  answers to the question cannot constitute substantial evidence to

24  support the ALJ's decision. See, e.g., DeLorme v. Sullivan, 924 F.2d

25  841, 850 (9th Cir. 1991); Gamer v. Secretary, 815 F.2d 1275, 1280 (9th

26  Cir. 1987); Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984).

27  Unfortunately, it is unclear in the present case whether the

28  vocational expert understood the ALJ's question as having "set out"

4

1  "the ability to take 10 to 15 minute breaks every 2 hours."   The ALJ's

2  question referenced an ability "to take a, what -- five, ten minute

3  break every two hours . . ." and then appeared to posit a consistency

4  between "five, ten" and "15."[2]   The ambiguity in the question prevents

5  the vocational expert's answer from constituting substantial evidence

6  to support the ALJ's decision.   See DeLorme v. Sullivan, 924 F.2d at

7  850 ("the failure to clarify DeLorme's limitations left the vocational

8  expert's testimony couched in somewhat ambiguous terms"); Castro v.

9  Astrue, 2011 WL 3500995, at *12 (E.D. Cal. Aug. 9, 2011) ("to avoid

10  this ambiguity, the hypothetical should have been posed to the VE

11  [vocational expert] in the same way as the ALJ phrased the limitation

12  in the RFC [residual functional capacity] assessment").

13

14     The Court is unable to conclude that the error was harmless.

15  "[A]n ALJ's error is harmless where it is inconsequential to the

16  ultimate non-disability determination."   Molina v. Astrue, 674 F.3d

17  1104, 1115 (9th Cir. 2012) (citations and quotations omitted).   "[W]e

18  must analyze harmlessness in light of the circumstances of the case."

19  Id. at 1121 (citations and quotations omitted).

20

21     [D]espite the burden to show prejudice being on the party

22     claiming error by the administrative agency, the reviewing

23     court can determine from the circumstances of the case that

24     further administrative review is needed to determine whether

25  _____

26     [2]   Perhaps the ALJ intended to indicate only that a 15
   minute break necessarily would subsume a five or ten minute
27  break, but it remained unclear from the question what length of
   break the vocational expert should presume that the hypothetical
28  worker would require.

1    there was prejudice from the error.  Mere probability is not

2    enough.  But where the circumstances of the case show a

3    substantial likelihood of prejudice, remand is appropriate

4    so that the agency can decide whether re-consideration is

5    necessary.  By contrast, where harmlessness is clear and not

6    a borderline question, remand for reconsideration is not

7    appropriate.

8

9    McCleod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011) ("McCleod").

10

11       Significant uncertainty sometimes attends the application of this

12   harmless error standard.  Where, as here, the circumstances of the

13   case do not appear to render harmlessness "clear" but also do not

14   appear to render the "likelihood of prejudice" "substantial," the

15   result of applying the standard seems particularly uncertain.  It well

16   may be that the vocational expert understood the ambiguous question as

17   including a limitation involving 15 minute breaks.  It also well may

18   be that, even if the vocational expert's testimony identified and

19   quantified jobs that would accommodate only five to ten minute breaks,

20   the expert also would testify that similarly substantial numbers of

21   the same jobs would accommodate 15 minute breaks.  Even so, the law

22   does not permit such speculation regarding vocational matters.  See

23   Burkhart v. Bowen, 856 F.2d at 1341.  And, as previously indicated,

24   the burden is on the Administration to show the existence of jobs

25   Plaintiff can perform.  Accordingly, the Court believes it should

26   regard the harmlessness of the error in the present case as a

27   "borderline question," within the meaning of McCleod.  Therefore,

28   ///

1  remand for Administrative reconsideration is appropriate.[3]

2

3                          **CONCLUSION**

4

5       For all of the foregoing reasons,[4] Plaintiff's and Defendant's

6  motions for summary judgment are denied and this matter is remanded

7  for further administrative action consistent with this Opinion.

8

9       LET JUDGMENT BE ENTERED ACCORDINGLY.

10

11       DATED: October 16, 2012.

12

13

                              _____/S/_____
14                                        CHARLES F. EICK
                                 UNITED STATES MAGISTRATE JUDGE
15

16

17

18

19

20

21

22 _____

23       [3]    A reversal with a directive for the payment of
   immediate benefits would not be appropriate under the
24 circumstances of the present case.  See INS v. Ventura, 537 U.S.
   12, 16 (2002) (upon reversal of an administrative determination,
25 the proper course is remand for additional agency investigation
   or explanation, except in rare circumstances).
26
         [4]    The Court has not reached any other issue raised by
27 Plaintiff except insofar as to determine that reversal with a
   directive for the immediate payment of benefits would not be
28 appropriate.