**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| COREY GORDON, | ) | NO. CV 12-2301-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | ) | **AND ORDER OF REMAND** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on March 22, 2012, seeking review of the Commissioner's denial of disability benefits. The parties filed a consent to proceed before a United States Magistrate Judge on

April 26, 2012. Plaintiff filed a motion for summary judgment on September 11, 2012.[1] Defendant filed a cross-motion for summary judgment on October 11, 2012. The Court has taken the motions under submission without oral argument. <u>See</u> L.R. 7-15; "Order," filed March 23, 2012.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff, a former truck driver and limousine driver, asserts disability since December 30, 2002, based on a combination of alleged impairments (Administrative Record ("A.R.") 59-73, 116-22, 128-40, 142, 175). The Administrative Law Judge ("ALJ") found that Plaintiff suffers from severe impairments, including "degenerative disease of the colon" (A.R. 18). According to the ALJ, Plaintiff retains the residual functional capacity to perform light work that would permit "close proximity to the restroom; and the ability to take 10 to 15 minute breaks every 2 hours" (A.R. 20). The ALJ found that, with these restrictions, Plaintiff cannot perform any of Plaintiff's past relevant work (A.R. 24).

In an attempt to determine whether there exist other jobs Plaintiff can perform, the ALJ posed a hypothetical question to a vocational expert (A.R. 74). The hypothetical question assumed that the worker:

///

---

[1] Plaintiff's motion violates paragraph VI of this Court's "Order," filed March 23, 2012. Counsel for Plaintiff shall heed the Court's orders in the future.

1     [h]as to be near facilities, must be -- let's see, every two
2     hours in connection with the symptoms to be able to take a,
3     what -- five, ten minute break every two hours?  That's
4     consistent with 15 minute break, so nothing in addition to
5     that.

7 (A.R. 74).  The vocational expert responded that:

9     [s]uch a hypothetical individual could perform the work of a
10     routing clerk . . . looking at approximately 71,000 such
11     jobs in existence in the national economy, 3,100 in the
12     regional economy.  Information clerk . . . looking at
13     approximately 50,000 such jobs in existence in the national
14     economy, 2,900 in the regional economy.

16 (A.R. 74-75).

18     The ALJ relied on the vocational expert's testimony in finding
19 Plaintiff not disabled (A.R. 25-26).  The Appeals Council denied
20 review (A.R. 1-3).

22                          **STANDARD OF REVIEW**

24     Under 42 U.S.C. section 405(g), this Court reviews the
25 Administration's decision to determine if: (1) the Administration's
26 findings are supported by substantial evidence; and (2) the
27 Administration used correct legal standards.  See Carmickle v.
28 Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008).  Substantial

evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see Widmark v. Barnhart, 454 F.3d 1063, 1067 (9th Cir. 2006).

## DISCUSSION

"After a claimant satisfies his initial burden of showing that a physical or mental impairment prevents him from performing his previous work, the burden shifts to the [Administration] to show that the claimant has the capacity to perform other work and that such other work exists in the national economy." Stone v. Heckler, 761 F.2d 530, 532 (9th Cir. 1985). Where, as here, a claimant's non-exertional impairments significantly limit his or her range of work "the grids do not apply, and the testimony of a vocational expert is required to identify specific jobs within the claimant's abilities." Polny v. Bowen, 864 F.2d 661, 663-64 (9th Cir. 1988); see Tackett v. Apfel, 180 F.3d 1094, 1103 (9th Cir. 1999); Burkhart v. Bowen, 856 F.2d 1335, 1340-41 (9th Cir. 1988).

Where a hypothetical question to a vocational expert fails to "set out all of the claimant's impairments," the vocational expert's answers to the question cannot constitute substantial evidence to support the ALJ's decision. See, e.g., DeLorme v. Sullivan, 924 F.2d 841, 850 (9th Cir. 1991); Gamer v. Secretary, 815 F.2d 1275, 1280 (9th Cir. 1987); Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984). Unfortunately, it is unclear in the present case whether the vocational expert understood the ALJ's question as having "set out"

4

1  "the ability to take 10 to 15 minute breaks every 2 hours."  The ALJ's
2  question referenced an ability "to take a, what -- five, ten minute
3  break every two hours . . ." and then appeared to posit a consistency
4  between "five, ten" and "15."[2]  The ambiguity in the question prevents
5  the vocational expert's answer from constituting substantial evidence
6  to support the ALJ's decision.  See DeLorme v. Sullivan, 924 F.2d at
7  850 ("the failure to clarify DeLorme's limitations left the vocational
8  expert's testimony couched in somewhat ambiguous terms"); Castro v.
9  Astrue, 2011 WL 3500995, at *12 (E.D. Cal. Aug. 9, 2011) ("to avoid
10 this ambiguity, the hypothetical should have been posed to the VE
11 [vocational expert] in the same way as the ALJ phrased the limitation
12 in the RFC [residual functional capacity] assessment").

     The Court is unable to conclude that the error was harmless.
"[A]n ALJ's error is harmless where it is inconsequential to the
ultimate non-disability determination."  Molina v. Astrue, 674 F.3d
1104, 1115 (9th Cir. 2012) (citations and quotations omitted).  "[W]e
must analyze harmlessness in light of the circumstances of the case."
Id. at 1121 (citations and quotations omitted).

> [D]espite the burden to show prejudice being on the party
> claiming error by the administrative agency, the reviewing
> court can determine from the circumstances of the case that
> further administrative review is needed to determine whether

---

[2]  Perhaps the ALJ intended to indicate only that a 15 minute break necessarily would subsume a five or ten minute break, but it remained unclear from the question what length of break the vocational expert should presume that the hypothetical worker would require.

1     there was prejudice from the error.  Mere probability is not
2     enough.  But where the circumstances of the case show a
3     substantial likelihood of prejudice, remand is appropriate
4     so that the agency can decide whether re-consideration is
5     necessary.  By contrast, where harmlessness is clear and not
6     a borderline question, remand for reconsideration is not
7     appropriate.

9 McCleod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011) ("McCleod").

11     Significant uncertainty sometimes attends the application of this
12 harmless error standard.  Where, as here, the circumstances of the
13 case do not appear to render harmlessness "clear" but also do not
14 appear to render the "likelihood of prejudice" "substantial," the
15 result of applying the standard seems particularly uncertain.  It well
16 may be that the vocational expert understood the ambiguous question as
17 including a limitation involving 15 minute breaks.  It also well may
18 be that, even if the vocational expert's testimony identified and
19 quantified jobs that would accommodate only five to ten minute breaks,
20 the expert also would testify that similarly substantial numbers of
21 the same jobs would accommodate 15 minute breaks.  Even so, the law
22 does not permit such speculation regarding vocational matters.  See
23 Burkhart v. Bowen, 856 F.2d at 1341.  And, as previously indicated,
24 the burden is on the Administration to show the existence of jobs
25 Plaintiff can perform.  Accordingly, the Court believes it should
26 regard the harmlessness of the error in the present case as a
27 "borderline question," within the meaning of McCleod.  Therefore,
28 ///

remand for Administrative reconsideration is appropriate.[3]

**CONCLUSION**

For all of the foregoing reasons,[4] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 16, 2012.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[3] A reversal with a directive for the payment of immediate benefits would not be appropriate under the circumstances of the present case. See INS v. Ventura, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, except in rare circumstances).

[4] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate.